## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL PEARLMAN** ) | |
| 8009 Eastern Avenue, Apt. T1 ) | |
| Silver Spring, MD 20910 ) | |
| Montgomery County. ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **ADVENTIST HEALTH CARE,** ) | |
| **INC., d/b/a Washington Adventist** ) | |
| **Hospital** ) | |
| 7600 Carroll Avenue ) | |
| Takoma Park, MD 20912 ) | |
| Montgomery County. ) | |
| ) | |
| <u>Serve On</u>: ) | |
| Kenneth B. DeStefano ) | |
| 1801 Research Blvd. ) | |
| Suite 300 ) | |
| Rockville, MD 20850 ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Michael Pearlman, by and through the undersigned counsel, sues

Adventist Health Care, Inc., d/b/a Washington Adventist Hospital, and states:

## PRELIMINARY STATEMENT

1.     Michael Pearlman ("Plaintiff" or "Mr. Pearlman"), an individual who

is deaf, brings this case against Adventist Health Care, Inc. d/b/a Washington

Adventist Hospital ("Defendant" or "The Hospital") for failing to provide interpreter services to ensure effective communication with him during his hospital visit. Plaintiff was unable to communicate effectively with medical personnel at Washington Adventist Hospital, which deprived him of the ability to fully participate in his own health care.  This lack of effective communication violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and section 504 of the Rehabilitation Act of 1973, as amended, 29 USC § 794. Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, equal access, and an equal opportunity to participate in and benefit from Defendant's health care services.  Plaintiff also seeks compensatory damages, attorneys' fees, and costs.

## JURISDICTION

2.      Jurisdiction over these claims is invoked pursuant to 28 U.S.C. § 1331.

3.      The acts and omissions of Defendants giving rise to this action occurred in Takoma Park, MD, making venue proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Michael Pearlman resides at 8009 Eastern Avenue, Apt. T1, Silver Spring, MD 20910, in Montgomery County, Maryland.

5.      Defendant, Adventist Health Care, Inc. d/b/a Washington Adventist Hospital, is an organization that owns, operates, and/or leases a hospital located at 7600 Carroll Avenue, Takoma Park, MD 20912, in Montgomery County, Maryland.

## FACTUAL ALLEGATIONS

6.      Michael Pearlman is deaf.  He is substantially limited in the major life activities of hearing and speaking and is an individual with a disability.

7.      Mr. Pearlman uses American Sign Language as his primary means of communication.

8.      Because Washington Adventist Hospital denied Mr. Pearlman effective interpreter services, he was prevented from accessing vital information such as information about the risks and benefits of tests and procedures.  As a result of the lack of effective communication, Mr. Pearlman was unable to participate fully in the decision-making process with respect to his own health.

9.      Since Mr. Pearlman lives near Washington Adventist Hospital, he is reasonably likely to utilize its services again in the foreseeable future.

### Incident: April 17, 2011

10.    On April 17, 2011, Mr. Pearlman became ill, with symptoms including nausea, dizziness, blurred vision, fever/chills, vomiting, and diarrhea.

11.    In the late afternoon, Mr. Pearlman asked his deaf neighbor, Mr. Nathaniel Balsley ("Mr. Balsley"), to call 911.

12.    Mr. Balsley's primary language is also American Sign Language.

13.    Shortly thereafter, Montgomery County Fire and Rescue Service arrived at Mr. Pearlman's home.

14.    When the ambulance driver arrived, Mr. Pearlman requested that an American Sign Language interpreter be provided at the hospital.

15.    At approximately 5:00 pm, Mr. Pearlman arrived via ambulance at the Washington Adventist Hospital emergency department.

16.    Mr. Balsley accompanied Mr. Pearlman to The Hospital.

17.    Upon arrival, Mr. Balsley, at Mr. Pearlman's request, informed The Hospital staff that Mr. Pearlman required an American Sign Language interpreter for effective communication to occur.

18.    Approximately a half hour later, a nurse brought a Video Remote Interpreting ("VRI") system into Mr. Pearlman's hospital room.  VRI is a system that provides remote interpreting services through videoconferencing equipment.[1]

---

[1] VRI uses videoconferencing technology, equipment, and a high-speed internet connection with sufficient bandwidth to provide the services of an interpreter, usually located at a call center, to people at a different location.

19.     For the duration of the call, which lasted up to 10 minutes, the quality of the video connection was poor.

20.     The quality of the sign language interpreting was also poor.

21.     Mr. Pearlman could not see the interpreter clearly due to the poor connection nor could he understand the sign language interpretation.

22.     The doctor told Mr. Pearlman that the interpreter was "not making any sense."

23.     Due to the inability to communicate through VRI, the device was shut down.

24.     Mr. Pearlman immediately requested in writing that The Hospital provide an American Sign Language interpreter.

25.     Mr. Pearlman renewed this request repeatedly but was told that The Hospital did not provide live interpreters.

26.     After approximately twelve hours being unable to communicate with The Hospital staff effectively, Mr. Pearlman requested a transfer to John Hopkins Hospital, where American Sign Language interpreters were provided.

27.     As a result of the lack of qualified sign language interpreters, there was no effective communication between Mr. Pearlman and The Hospital staff and Mr. Pearlman was unable to participate in a fully informed manner in the decision-making process regarding his care at The Hospital.

5

28.     Defendant is a recipient of federal financial assistance by virtue of its participation in programs such as Medicaid and Medicare.

## COUNT I
## SECTION 504 OF THE REHABILITATION ACT OF 1973

29.     Plaintiff repeats and re-alleges paragraphs 1 through 28 in support of this claim.

30.     Plaintiff is a qualified individual with a disability under section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

31.     Defendant is a recipient of federal financial assistance, including but not limited to its acceptance of Medicare and Medicaid.

32.     Defendant intentionally discriminated against Plaintiff on the basis of his disability by denying the Plaintiff auxiliary aids and services necessary to ensure effective communication between Plaintiff and Defendant, equal access, and an equal opportunity to participate in and benefit from Defendant's health care services in violation of section 504 of the Rehabilitation Act.

## COUNT II
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

33.     Plaintiff repeats and re-alleges paragraphs 1 through 32 in support of this claim.

34.     Plaintiff is an individual with a disability pursuant to Title III of the Americans with Disabilities Act.  42 U.S.C. § 12181.

35.    Defendant is a place of public accommodation pursuant to Title III of the Americans with Disabilities Act. 42 U.S.C. § 12181(7)(F).

36.    Defendant has discriminated against Plaintiff on the basis of his disability by denying Plaintiff auxiliary aids and services necessary to ensure effective communication between the Plaintiff and Defendant, equal access, and an equal opportunity to participate in and benefit from Defendant's health care services in violation of Title III of the Americans with Disabilities Act.  42 U.S.C. §§ 12181-12189.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

a.   Declare that Defendant's refusal to provide qualified sign language interpreters to ensure effective communication with Mr. Pearlman violates Title III of the Americans with Disabilities Act and section 504 of the Rehabilitation Act;

b.   Enjoin Defendant from any policy, procedure, or practice that will deny Plaintiff equal access to and an equal opportunity to participate in and benefit from Defendant's services or that denies Plaintiff effective communication with Defendant;

c.  Order Defendant to promulgate and comply with policies and procedures to ensure that Defendant does not discriminate in the future against Plaintiff and individuals who are deaf and hard of hearing;

d.  Order Defendant to provide and pay for qualified interpreter services and other auxiliary aids and services necessary to ensure effective communication with Plaintiff and individuals who are deaf or hard of hearing in all services offered by Defendant;

e.  Award compensatory damages;

f.  Award reasonable costs and attorneys' fees; and

g.  Award any and all other relief that may be necessary and appropriate.

Respectfully submitted,

__/s/ Mary Vargas_____
Mary Vargas (Fed. Bar. No. 14135)
Stein & Vargas, LLP
P.O. Box 522
Emmitsburg, MD 21727
Tel: (240) 793-3185
Fax: (888) 778-4620
mary.vargas@steinvargas.com

Marc Charmatz (Fed. Bar No. 09358)
National Association of the Deaf
Law and Advocacy Center

Tel: (301) 587-7732
Fax: (301) 587-1791
marc.charmatz@nad.org

Date: January 21, 2012

## JURY DEMAND

Plaintiff hereby demands that this action be tried before a jury.

__/s/ Mary Vargas_____